

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,127

**EX PARTE JERRY LEE ALVAREZ, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-CR-4126-G IN THE 319TH JUDICIAL DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to burglary of a habitation, and was sentenced to fifty years' imprisonment.

Applicant contends, *inter alia*, that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that trial counsel failed to timely file a notice of appeal. We

find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 06-CR-4126-G from the 319th Judicial District Court of Nueces County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: April 1, 2009
Do Not Publish